# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| REGINALD DEKEITH MIMS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-85 (CDL) |
| | * | 28 U.S.C. § 2254 |
| BRUCE CHATMAN, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

On July 19, 2004, Petitioner Mims, who is currently serving a sentence in the Dooly State Prison, in Unadilla, Georgia, was found guilty in the Muscogee County Superior Court of a possession of cocaine, driving while license was suspended or revoked, and possession of an alcoholic beverage while in the passenger area of his vehicle. (R-1, p. 2). For the drug charge, Petitioner was sentenced to serve thirty years, with twelve years to be served in prison and the remaining eighteen to be served on probation. *Id.* For the traffic offenses, Petitioner was sentenced to serve six months of incarceration. Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Court of Appeals. (R-1, p. 3). On July 1, 2004, the Court of Appeals affirmed Petitioner's convictions, with the exception of the driving while license suspended or revoked. *See Mims v. State*, 278 Ga. App. 282 (2004). Petitioner filed a Motion for Reconsideration which was denied in March 2006.

On April 24, 2006, Petitioner filed a state habeas petition which was ultimately denied on August 29, 2006. (R-13, Ex. 2). Petitioner's Application for Probable Cause to Appeal

was thereafter denied by the Georgia Supreme Court April 24, 2007.(R-13, Ex. 3). On May 11, 2007, the Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. Respondent filed his Answer-Response on July 16, 2007. (R-11).

## **Standard of Review**

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States

Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

3

*Id.* at 1522.

## Petitioner's Claims

Petitioner's application for a federal writ of habeas corpus cites five grounds for relief. Specifically, Petitioner contends that the recidivist action against him was illegal; he was denied effective assistance of counsel before and during his trial; prosecutorial misconduct occurred at trial; the evidence was insufficient to convict him and that the records from his evidentiary hearings have been sabotaged. (R-1, p. 5,6).

### I. Procedural Default

As just stated, in Ground One, Petitioner contends that the recidivist action against him was illegal because he did not receive notice that he had been indicted as a recidivist until the day of trial. In Ground Two, Petitioner argues that he received ineffective assistance of counsel where his trial counsel abandoned him before arraignment and was re-appointed on the day of trial. In Ground Three, Petitioner argues that the index to the record of his trial transcripts shows prosecutorial misconduct where he received no notice of the recidivist action and there was no proper chain of custody of evidence from his case. In Ground Four, Petitioner contends that his arrest and the evidence is insufficient to support his conviction where documents were omitted from the record index before the court of appeals ruled on his direct appeal.

The Respondent argues that each of these claims are procedurally defaulted. The Eleventh Circuit Court of Appeals has held that "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to

arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), cert. Denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1195); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied.

Furthermore, a federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot

be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478., 488, 106 S.Ct. 2639, 2645 (1986); *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508. A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 f.2d 1268, 1275 (11th Cir. 1990) (quoting *Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989)). *See McCoy v. Newsome,* 953 F.2d 1252 (1992).

The record reveals that the first four claims were raised by Petitioner in his state habeas application filed in Dooly County. The state habeas court ruled that the claims were procedurally defaulted as they were not raised post-trial and on direct appeal to the Georgia Court of Appeals. The state habeas court correctly determined Petitioner's claim was procedurally barred under O.C.G.A. §9-14-48(d) and *Black v. Hardin*, 255 Ga. 239, 336 S.E.2d 754 (1985), as Petitioner failed to raise the issue on direct appeal. As to all four counts, Petitioner has failed to establish cause for his failure to timely raise the issues or that

a miscarriage of justice occurred which would excuse the default on these claims. Thus, Grounds Three and Four are procedurally barred and it is recommended that Petitioner is not entitled to relief on those grounds.

## II. Ground Five

In **Ground Five**, Petitioner alleges that the transcripts from his two evidentiary hearing have been sabotaged. The Eleventh Circuit Court of Appeals has held that errors raised by a petitioner which do not involve the reason for his confinement are not cognizable in federal habeas corpus petitions. *Quince v. Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). Specifically, the court held that:

> In *Spradley v. Dugger,* we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief. 825 F.2d 1566, 1568 (11th Cir.1987) (involving claims as to errors at a hearing on a petitioner's 3.850 motion); *see also Nichols v. Scott,* 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."); *Franzen v. Brinkman,* 877 F.2d 26, 26 (9th Cir.1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings"). Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief. *See Spradley,* 825 F.2d at 1568.

Because the Petitioner was not challenging his conviction *per se*, but was challenging an error he contends was made in transcribing the record, it was an attack on a proceeding collateral to his conviction, not cognizable in habeas corpus. 28 U.S.C. § 2254; *Quince v.*

*Crosby*, 360 F.3d 1259, 1261 (11th Cir. 2004). The Petitioner is not entitled to relief on this claim.

It should be noted that Petitioner has three motions currently pending before the court. Specifically, Petitioner has filed a Motion for Leave to File Supporting Documents, a Motion for copy of Docket Entries, and a Motion for Summary Judgment. Pursuant to the findings above, the Court recommends that the pending motions be DENIED as moot.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Federal Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, as well as his various pending motions, be **DENIED**. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 30tht day of August, 2007.

                                       S/ G. MALLON FAIRCLOTH
                                       UNITED STATES MAGISTRATE JUDGE

eSw